IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



UNITED STATES OF AMERICA

v.

CRIMINAL NO. 2:16CR2 KS-MTP

COLEMAN VIRGIL SLADE,
DON DURRETT, and
DEWAYNE SLADE

16 U.S.C. § 3372(a)(1)
16 U.S.C. § 3372(a)(2)(A)
16 U.S.C. § 3372(d)(2)
16 U.S.C. § 3373(d)(3)(A)(ii)
16 U.S.C. § 3373(d)(1)(B)
18 U.S.C. § 371
18 U.S.C. § 1001

**The Grand Jury charges:**

At all times relevant to this indictment:

1. Coleman Virgil Slade is a resident of Lamar County, Mississippi;

2. Don Durrett is a resident of Stonewall County, Texas;

3. Don Durrett owns and operates a high-fence enclosed 9,000 acre ranch in Stonewall County, Texas;

4. Dewayne Slade is a resident of Lamar County, Mississippi, who owns approximately 420 acres of high-fence enclosed property in Lamar County, Mississippi;

5. Miss. Code Ann. § 49-7-54 (1972) makes it unlawful to import and translocate live white-tailed deer into this state…[t]he commission shall establish regulations governing the importation of white-tailed deer with emphasis on preventing the introduction of diseases;

6. Since on or about 2008, the commission promulgated a regulation which states "No person may import a live white-tailed deer into the State of Mississippi pursuant to Section §49-7-54, Mississippi Code of 1972."

7. The Mississippi Board of Animal Health, at all times relevant to this indictment, through its regulations has declared that "It is illegal to import white-tail deer into

Mississippi." Section 116.01(2)(d), Chapter 12, Regulations of the Mississippi Board of Animal Health.

## COUNT 1

That from on or about a date unknown to the Grand Jury, but at least as early as 2009, and continuing until on or through November 2012, in Lamar County in the Eastern Division of the Southern District of Mississippi, and elsewhere, the defendants, **COLEMAN VIRGIL SLADE, DON DURRETT, and DEWAYNE SLADE,** did knowing and willfully conspire with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States as follows:

a) to knowingly import, transport, receive, acquire, and purchase, in interstate commerce, wildlife valued at more than $350.00 that was possessed and transported in violation of a law and regulation of the United States, that is, live white-tailed deer valued at over $350.00, that was possessed and transported in violation of Section 86.1, Title 9, Code of Federal Regulations, and Section 8301 et seq., Title 7, United States Code, all in violation of Sections 3372(a)(1) and 3373(d)(1)(B), Title 16, United States Code and Section 2, Title 18, United States Code.

b) to knowingly make or submit false records, accounts, and labels for, and false identifications of, wildlife that had been, and was intended to be, transported in interstate commerce in the course of a sale or purchase, offer of sale or purchase, or commission of an act with intent to sell or purchase wildlife with a market value greater than $350.00, a violation of Sections 3372(d)(2) and 3373(d)(3)(A)(ii), Title 16, and Section 2, Title 18, United States Code.

c) to knowingly import, transport, receive, acquire, and purchase, in interstate commerce, wildlife valued at more than $350.00 that was possessed and transported

in violation of a law and regulation of the State of Texas, that is, live white-tailed deer valued at over $350.00, that was possessed and transported in violation of Rule § 65.610, Subchapter T, Chapter 65, Part of Title 31 Texas Administrative Code, all in violation of Sections 3372(a)(2)(A) and 3373(d)(1)(B), Title 16, and Section 2, Title 18, United States Code.

It was a part of the conspiracy that the defendants would purchase and unlawfully transport and receive into the State of Mississippi live white-tailed deer from locations outside the State of Mississippi, without authority to do so in violation of both federal and state law.

It was further part of the conspiracy that the defendants would unlawfully bring the live white-tailed deer into the State of Mississippi for the purpose of breeding and killing trophy white-tailed buck deer.

In furtherance of the conspiracy and to carry out its objectives in the Southern District of Mississippi, the defendants and others committed and caused to be committed overt acts including, but not limited to, the following:

1. In March of 2009, defendant **DON DURRETT** permitted 10 white-tailed deer to be transported by defendant **COLEMAN VIRGIL SLADE** from the State of Texas to defendant **DEWAYNE SLADE**'s high-fence enclosure in Lamar County, Mississippi;

2. On or about September 16, 2009, defendant **DON DURRETT** signed a State of Texas transfer permit for the purchase of 2 trophy buck white-tailed deer in the State of Texas for transportation to **DURRETT**'s ranch also within the State of Texas;

3. On or about September 16, 2009, defendants **DON DURRETT** and **COLEMAN VIRGIL SLADE** transported the 2 trophy buck white-tailed deer to **DURRETT**'s ranch in the State of Texas where 1 of the trophy buck white-tailed deer was unloaded

and the other trophy white-tailed buck was transported by **COLEMAN VIRGIL SLADE** to the State of Mississippi;

4. In or about February of 2010, defendant **DON DURRETT** arranged a purchase of 5 white-tailed deer for defendant **COLEMAN VIRGIL SLADE** who transported the white-tailed deer from the State of Texas to the State of Mississippi;

5. On or about September 13, 2010, defendant **DON DURRETT** was invoiced for the purchase of 5 doe white-tailed deer and 1 trophy buck white-tailed deer for a total purchase price of $59,500.00.

6. On or about October 26, 2010, defendant **COLEMAN VIRGIL SLADE** wrote a check to defendant **DURRETT** for $35,750.00.

7. On or about February 11, 2011, defendant **COLEMAN VIRGIL SLADE** wrote a check to defendant **DURRETT** for $23,750.00.

8. On or about February 13, 2011, defendant **COLEMAN VIRGIL SLADE** transported white-tailed deer covered by the invoice dated on September 13, 2010, from the State of Texas to the State of Mississippi;

9. On or about October or November of 2012, defendant **DURRETT** provided 10 white-tailed deer to defendant **COLEMAN VIRGIL SLADE** who transported the white-tailed deer from the State of Texas to the State of Mississippi;

10. During all times mentioned when a State of Texas Deer Breeder Transfer Permit was obtained, defendant **DURRETT** falsely claimed that all transported white-tailed deer were destined for **DURRETT**'s facility in Stonewall County, Texas;

11. Defendant **DEWAYNE SLADE** assisted defendant **COLEMAN VIRGIL SLADE** in the transportation of white-tailed deer from the State of Texas to the State of Mississippi; and,

12. Defendant **DEWAYNE SLADE** accepted receipt and possession of white-tailed deer from the State of Texas on property titled in his name in Lamar County, Mississippi.

All in violation of Section 371, Title 18, United States Code.

## COUNT 2

On or about February 13, 2011, in Lamar County in the Eastern Division of the Southern District of Mississippi, and elsewhere, defendants **COLEMAN VIRGIL SLADE and DON DURRETT**, aiding and abetting each other, did knowingly cause to be made or submitted, or aided and abetted in the making or submission of, false records, accounts, labels for, and false identifications of, wildlife that had been, and was intended to be, transported in interstate commerce in the course of a sale or purchase, offer of sale or purchase wildlife with a market value greater than $350.00, that is, live white-tailed deer valued at over $350.00, that were being transported intra-state from one facility in the State of Texas to a facility owned by defendant **DURRETT** in the State of Texas when, in fact, the deer were being transported and were transported to the Southern District of Mississippi in violation of Miss. Code Ann. § 49-7-54 (1972), Sections 3372(d)(2) and 3373(d)(3)(A)(ii), Title 16, and Section 2, Title 18, United States Code.

## COUNT 3

On or about February 13, 2011, in Lamar County in the Eastern Division of the Southern District of Mississippi, and elsewhere, defendants **COLEMAN VIRGIL SLADE and DON DURRETT**, aiding and abetting each other, did knowingly import, transport, receive, acquire,

and purchase, in interstate commerce, wildlife valued at more than $350.00 that was possessed and transported in violation of a law and regulation of the United States, that is, live white-tailed deer valued at over $350.00, that were possessed and transported in violation of Section 86.1, Title 9, Code of Federal Regulations, and Section 8301 et seq., Title 7, United States Code, all in violation of Sections 3372(a)(1) and 3373(d)(1)(B), Title 16, United States Code and Section 2, Title 18, United States Code.

## COUNT 4

On or about February 13, 2011, in Lamar County in the Eastern Division of the Southern District of Mississippi, and elsewhere, defendants **COLEMAN VIRGIL SLADE and DON DURRETT**, aiding and abetting each other, did knowingly import, transport, receive, acquire, and purchase, in interstate commerce, wildlife valued at more than $350.00 that was possessed and transported in violation of a law and regulation of the State of Texas, that is, live white-tailed deer valued at over $350.00, that were possessed and transported in violation of Rule § 65.610, Subchapter T, Chapter 65, Part of Title 31 Texas Administrative Code, from and within the State of Texas to the State of Mississippi in violation of Miss. Code Ann. § 49-7-54 (1972), all in violation of Sections 3372(a)(2)(A) and 3373(d)(1)(B), Title 16, and Section 2, Title 18, United States Code.

## COUNT 5

In or about October or November of 2012, in Lamar County in the Eastern Division of the Southern District of Mississippi, and elsewhere, defendants **COLEMAN VIRGIL SLADE and DON DURRETT**, aiding and abetting each other, did knowingly import, transport, receive, acquire, and purchase, in interstate commerce, wildlife valued at more than $350.00 that was possessed and transported in violation of a law and regulation of the United States, that is, live

white-tailed deer valued at over $350.00, that were possessed and transported in violation of Section 86.1, Title 9, Code of Federal Regulations, and Section 8301 et seq., Title 7, United States Code, all in violation of Sections 3372(a)(1) and 3373(d)(1)(B), Title 16, United States Code and Section 2, Title 18, United States Code.

### COUNT 6

In or about October or November of 2012, in Lamar County in the Eastern Division of the Southern District of Mississippi, and elsewhere, defendants **COLEMAN VIRGIL SLADE and DON DURRETT**, aiding and abetting each other, did knowingly import, transport, receive, acquire, and purchase, in interstate commerce, wildlife valued at more than $350.00 that was possessed and transported in violation of a law and regulation of the State of Texas, that is, live white-tailed deer valued at over $350.00, that were possessed and transported in violation of Rule § 65.610, Subchapter T, Chapter 65, Part of Title 31 Texas Administrative Code, from and within the State of Texas to the State of Mississippi in violation of Miss. Code Ann. § 49-7-54 (1972), all in violation of Sections 3372(a)(2)(A) and 3373(d)(1)(B), Title 16, and Section 2, Title 18, United States Code.

### COUNT 7

On or about October 31, 2013, in Forest County in the Eastern Division of the Southern District of Mississippi, and elsewhere, the defendant, **COLEMAN VIRGIL SLADE**, in a matter within the jurisdiction of the United States Fish and Wildlife Service (USFWS), an agency of the United States of America, did willfully and knowingly make a material false statement, in that **COLEMAN VIRGIL SLADE** stated to agents of the USFWS that he has never purchased live white-tailed deer from a ranch in or near Beaumont, Texas; when **COLEMAN VIRGIL**

**SLADE** knew the statement to be false, in violation of Section 1001, Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants, **COLEMAN VIRGIL SLADE, DON DURRETT, and DEWAYNE SLADE,** shall forfeit to the United States

(1) All fish or wildlife or plants imported, exported, transported, sold, received, acquired, or purchased contrary to the provisions of Section 3372, Title 16, United States Code, or any regulation issued pursuant thereto, shall be subject to forfeiture to the United States notwithstanding any culpability requirements for civil penalty assessment or criminal prosecution included in Section 3373, Title 16, United States Code.

(2) All vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, or purchasing of fish or wildlife or plants in a criminal violation of this chapter for which a felony conviction is obtained shall be subject to forfeiture to the United States if (A) the owner of such vessel, vehicle, aircraft, or equipment was at the time of the alleged illegal act a consenting party or privy thereto or in the exercise of due care should have known that such vessel, vehicle, aircraft, or equipment would be used in a criminal violation of this chapter, and (B) the violation involved the sale or purchase of, the offer of sale or purchase of, or the intent to sell or purchase, fish or wildlife or plants.

Further, if any property described above, as a result of any act or omission of the defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this count or any bill of particulars supporting it.

All pursuant to Section 3374, Title 16, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL·
s/ signature redacted
Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 2nd day of February, 2016.

UNITED STATES MAGISTRATE JUDGE